# United States District Court
## Eastern District of Tennessee

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>JOHN E. BARNES | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br><br>Case Number:    3:11-CR-30-001/3:11-CR-04-001<br><br>Dana C. Hansen Chavis<br>Defendant's Attorney |

**THE DEFENDANT:**

[✓]  pleaded guilty to Count 1 of the Information in case number 3:11-CR-30.
[ ]  pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ]  was found guilty on count(s) ___ after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18 U.S.C.§ 2252A(a)(2)(A) | Knowingly Receiving Child Pornography, Transported in Interstate and Foreign Commerce | September 25, 2007 | 1 |

    The defendant is sentenced as provided in pages 2 through 6 of this judgment and the Statement of Reasons. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and 18 U.S.C. §3553.

[ ]  The defendant has been found not guilty on count(s) ___.

[✓]  Count 1 of the Indictment in case number 3:11-CR-4   [✓] is   [ ] are  dismissed on the motion of the United States.

    IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and the United States attorney of any material change in the defendant's economic circumstances.

September 8, 2011
Date of Imposition of Judgment

s/ Thomas W. Phillips
Signature of Judicial Officer

THOMAS W. PHILLIPS, United States District Judge
Name & Title of Judicial Officer

September 8, 2011
Date

DEFENDANT:        JOHN E. BARNES
CASE NUMBER:   3:11-CR-30-001/3:11-CR-04-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of <u>132 months</u>.

[✓]   The court makes the following recommendations to the Bureau of Prisons:

The defendant be designated to FCI Elkton, OH and that he receive full credit for all jail time served while in federal custody.

[✓]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district:
      [ ] at ___ [] a.m.  [] p.m.  on ___.
      [ ] as notified by the United States Marshal.

[ ]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
      [ ] before 2 p.m. on ___.
      [ ] as notified by the United States Marshal.
      [ ] as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

     Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                                              _____
                                                              UNITED STATES MARSHAL

                                                              By _____
                                                              DEPUTY UNITED STATES MARSHAL

DEFENDANT:         JOHN E. BARNES
CASE NUMBER:    3:11-CR-30-001/3:11-CR-04-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  10 years .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[ ]  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✓]  The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.  (Check, if applicable.)

[✓]  The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

[✓]  The defendant shall register with the state sex offender registration agency in any state where the defendant resides, works, carries a vocation, or is a student, as directed by the probation officer.  (Check, if applicable.)

[ ]  The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).  The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: JOHN E. BARNES
CASE NUMBER: 3:11-CR-30-001/3:11-CR-04-001

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as he is released from the program by the probation officer. The defendant shall waive all rights to confidentiality regarding mental health treatment in order to allow release of information to the supervising United States Probation Officer and to authorize open communication between the probation officer and the mental health treatment provider.

2. The defendant shall comply with the special conditions for sex offenders as adopted by this Court in Local Rule 83.10(b).

3. The defendant shall participate in a program of sex offender mental health treatment, as directed by the probation officer, until such time he is released from the program by the probation officer. The defendant shall waive all rights to confidentiality regarding sex offender mental health treatment in order to allow release of information to the United States Probation Officer and to authorize open communication between the probation officer and the treatment provider.

4. The defendant shall have no direct or third-party contact with the victims or any other children under the age of 18 without the prior written consent of the probation officer.

5. The defendant shall not be at any residence where children under the age of 18 are residing without the prior written permission of the probation officer, nor shall he frequent or remain about any place where children under the age of 18 normally congregate or any business that targets child customers.

6. The defendant shall not possess any printed photographs or recorded material that you may use for the purpose of deviant sexual arousal, nor shall he frequent any places where such material is available to you for the purpose of deviant sexual arousal.

7. The defendant shall not accept any employment or participate in any volunteer activities requiring unsupervised contact with children under the age of 18.

8. The defendant shall submit your person, residence, vehicle, or any area over which he exercises control to a search conducted by a United States Probation Officer at a reasonable time and in a reasonable manner without prior notice or search warrant to determine if he is in compliance with the condition of supervision which prohibits his possession of pornographic materials. Refusal to submit to such search is a violation of the conditions of supervision. The defendant shall warn anyone with whom you share residence that the premises may be subject to searches pursuant to this condition.

9. The defendant shall not possess or use a computer with access to any *on-line computer service* at any location (including employment) without the prior approval of the probation officer. This includes any Internet service provider, bulletin board system, or any other public or private computer network. Any approval by the probation officer shall be subject to any conditions set by the probation officer with respect to that approval.

10. The defendant shall not possess or use any data encryption technique or program.

11. The defendant shall submit to the probation officer and/or probation service representative conducting periodic unannounced examinations of your computer equipment, which may include retrieval and copying of all data from the computer and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection, and allow at the direction of the probation officer installation on your computer, at your expense, any hardware or software systems to monitor your computer use.

12. The defendant shall refrain from accessing via computer any *material* that relates to the activity in which he was engaged in committing the instant offense, namely child pornography.

13. The defendant shall consent to third-party disclosure to any employer or potential employer, concerning any computer-related restrictions that are imposed upon him.

14. The defendant shall not possess or use a computer, except that he may, with the prior approval of the probation officer, use a computer in connection with authorized employment.

15. The defendant shall submit to a psychosexual assessment at your own expense, as directed by the probation officer.

16. The defendant shall submit to polygraph testing at your own expense, as directed by the probation officer, in order to determine if he is in compliance with the conditions of supervision, or to facilitate sex offender treatment. The defendant shall be truthful during polygraph evaluations.

DEFENDANT:          JOHN E. BARNES
CASE NUMBER:        3:11-CR-30-001/3:11-CR-04-001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 6. The assessment is ordered in accordance with 18 U.S.C. § 3013.

|              | Assessment | Fine    | Restitution |
|--------------|------------|---------|-------------|
| Totals:      | $ 100.00   | $ 0.00  | $ 0.00      |

[ ]  The determination of restitution is deferred until __. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ]  The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, if the United States is a victim, all other victims, if any, shall receive full restitution before the United States receives any restitution, and all restitution shall be paid to the victims before any restitution is paid to a provider of compensation, pursuant to 18 U.S.C. §3664.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---------------|-----------------------|-------------------------------|-----------------------------------------|
| TOTALS:       | $                     | $                             |                                         |

[ ]  If applicable, restitution amount ordered pursuant to plea agreement $ __

The defendant shall pay interest on any fine or restitution of more than $2500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ]  The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  [ ]  The interest requirement is waived for the   [ ] fine and/or   [ ] restitution.

  [ ]  The interest requirement for the   [ ] fine and/or   [ ] restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: JOHN E. BARNES  
CASE NUMBER: 3:11-CR-30-001/3:11-CR-04-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A    [✓]    Lump sum payment of $ 100.00 due immediately, balance due

       [ ] not later than _, or  
       [ ] in accordance with [ ] C, [ ] D, or [ ] E or [ ] F below; or

B    [ ]    Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] F below); or

C    [ ]    Payment in ___ (e.g., equal, weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D    [ ]    Payment in ___ (e.g., equal, weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E    [ ]    Payment during the term of supervised release will commence within 0 (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    [ ]    Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. Unless otherwise directed by the court, the probation officer, or the United States attorney, all criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, shall be made to   . Payments shall be in the form of a check or a money order, made payable to U.S. District Court, with a notation of the case number including defendant number.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]    Joint and Several

       Defendant Name, Case Number, and Joint and Several Amount:


[ ]    The defendant shall pay the cost of prosecution.

[ ]    The defendant shall pay the following court cost(s):

[✓]    The defendant shall forfeit the defendant's interest in the following property to the United States:

Pursuant to the Agreed Preliminary Order of Forfeiture [19] signed September 8, 2011:

-Hewlett-Packard Pavilion dv 1000 laptop computer, Serial Number CNF6161S4F


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.